# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TERRA MCKINNEY, as Administrator of the Estate of MELVIN ROBINSON and Parent and Natural Guardian of BRYCE ROBINSON, a Minor, and CYNTHIA PARKER, as Parent and Natural Guardian of PARKER ROBINSON, a Minor,<br><br>    Plaintiffs,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC,<br><br>    Defendant. | Civil Action File No.:<br>_____<br><br>*Removed from:*<br>State Court of Gwinnett County<br>Civil Action File No.:<br>22-C-00452-S3 |

## DEFENDANT'S PETITION FOR REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Lowe's Home Centers, LLC (the "Defendant") hereby petitions this Court for removal of this action, and shows this Honorable Court the following:

1.

This civil action was filed by Plaintiffs Terra McKinney and Cynthia Parker (collectively the "Plaintiffs"), in the State Court of Gwinnett County, Georgia, said county being part of the Northern District of Georgia, Atlanta Division.  N.D. Ga.

Local Rule 3.1(A). The Atlanta Division of this Court is the proper Division for this removal as further set forth below.

2.

The action is a civil action for personal bodily injuries and wrongful death, and this Court has subject matter jurisdiction by reason of the diversity of citizenship of the parties.  28 U.S.C. §§ 1441 and 1332.

3.

The amount in controversy exceeds $75,000.00, the statutory minimum amount, exclusive of interest and costs, as evidenced by the face[1] of the Plaintiffs' Complaint.  A true and correct copy of the Complaint is attached hereto and incorporated herein by reference as Exhibit A.

4.

(a)   At the time of the commencement of this action in the State Court of Gwinnett County, the Plaintiffs were and are now citizens of Georgia.  [Ex. A.]

---

[1]   The subject incident involved the Plaintiffs' decedent getting shot and eventually dying. [Ex. A.]  This Court applies the "facially apparent" standard to find that the amount-in-controversy is satisfied on the face of the Complaint in catastrophic injury and death cases.  Kipp v. Landscapes Unlimited, LLC, 2009 WL 10669652, at *3-4 (N.D. Ga. Dec, 22, 2009).  See also Roe v. Michelin N. Am., Inc., 613 F. 3d 1058 (11th Cir. 2010).

2

(b)     The Defendant, at the time the action was commenced and at the present time, was and is still a limited liability company, organized and existing under and by virtue of the laws of the State of North Carolina, having its principal office in North Carolina, and is deemed to be a citizen of North Carolina.

(c)     The sole member of the Defendant LLC was and is Lowe's Companies, Inc., which was and is a corporation, incorporated and existing under and by virtue of the laws of the State of North Carolina, having its principal office in North Carolina, and is deemed to be a citizen of North Carolina[2].

5.

True and correct copies of all process, pleadings, and orders served upon the Defendant in this action are attached hereto and incorporated herein by reference collectively as Exhibit B.

6.

The Plaintiffs allege in their Complaint that their decedent was injured and ultimately died as a result of the alleged negligence of the Defendant.  [Ex. A.]

---

[2]     For purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen.  Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC, 374 F.3d 1020 (11th Cir. 2004).

7.

This civil action is currently based on a controversy between citizens of different states and, as outlined above, the amount in controversy exceeds $75,000.00. Therefore, this action is ripe for removal based on federal diversity of citizenship jurisdiction.

8.

The instant *Petition for Removal* is being timely filed pursuant to and in accordance with 28 U.S.C. § 1446(b)(1), within 30 days after service of the Complaint below. [Ex. B.]

9.

Further, the instant *Petition for Removal* is timely filed, pursuant to and in accordance with 28 U.S.C. § 1446(c)(1), within one year of the commencement of the action, which was filed on January 24, 2022. [Ex. A.]

10.

Accordingly, this action, over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332, is removable to the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. § 1441.

11.

Venue is proper in the Atlanta Division of the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1441; 28 U.S.C. § 1391; and N.D. Ga. Local Rule 3.1(B)(1)(a).  Specifically, the Plaintiffs' Complaint was filed, and the Defendant maintains a registered agent and office, in Gwinnett County, which is part of the Atlanta Division.

12.

As required by 28 U.S.C. § 1446(d), the Defendant shall give written notice hereof to all adverse parties and shall file a copy of this Petition for Removal with the Clerk of the State Court of Gwinnett County.

WHEREFORE, the Defendant requests that this action be removed from the State Court of Gwinnett County and proceed in this Court.

Respectfully submitted this 24th day of February, 2022.

                          BURR & FORMAN, LLP

                          By:  */s/ Jennifer M. Busby*
                               Jennifer M. Busby
                               Georgia Bar No. 098340

                          *Attorneys for the Defendant*

420 20th Street, North, Suite 3400
Birmingham, Alabama 35203
Telephone:  (205) 251-3000
Facsimile:   (205) 458-5100
gbusby@burr.com

BURR & FORMAN, LLP

By: */s/ Kwende B. Jones*
    Kwende B. Jones
    Georgia Bar No. 041155

*Attorneys for the Defendant*

171 Seventeenth Street, N.W.
Suite 1100
Atlanta, Georgia 30363
Telephone:  (404) 815-3000
Facsimile:  (404) 817-3244
kbjones@burr.com

VERNIS & BOWLING OF ATLANTA, LLC

By: */s/ James Merritt, Jr.*
    James Merritt, Jr.
    Georgia Bar No. 416608
    Cody M. McCollum
    Georgia Bar No. 119746

*Attorneys for the Defendant*

30 Perimeter Park Drive, Suite 200
Atlanta, Georgia 30341
Telephone:  (404) 846-2001
Facsimile:  (404) 846-2002
jmerritt@georgia-law.com
cmccollum@georgia-law.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TERRA MCKINNEY, as Administrator of the Estate of MELVIN ROBINSON and Parent and Natural Guardian of BRYCE ROBINSON, a Minor, and CYNTHIA PARKER, as Parent and Natural Guardian of PARKER ROBINSON, a Minor,<br><br>      Plaintiffs,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC,<br><br>      Defendant. | Civil Action File No.: _____<br><br>*Removed from:*<br>State Court of Gwinnett County<br>Civil Action File No.:<br>22-C-00452-S3 |

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH L.R. 5.1

I HEREBY CERTIFY that I have caused service of the within and foregoing **DEFENDANT'S PETITION FOR REMOVAL** to be made upon all counsel of record by electronic filing, by electronic mail, and/or by depositing the same in the United States mail in a properly addressed envelope with adequate postage affixed thereon to:

Michael T. Rafi, Esq.
Alexander J. Brown, Esq.
Christopher D. Stokes, Esq.
RAFI LAW FIRM, LLC
1776 Peachtree Street, N.W.
Suite 423 – South
Atlanta, Georgia 30309
Info@RafiLawFirm.com
Brown@RafiLawFirm.com
Chris@RafiLawFirm.com

This is to further certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1. It is prepared in Times New Roman 14-point font.

This 24th day of February, 2022.

             */s/ James Merritt, Jr.*
             James Merritt, Jr.
             Georgia Bar No. 416608