**EXHIBIT A**

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-00452-S3**

**1/24/2022 3:53 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **Terra McKinney, as Administrator of the Estate of Melvin Robinson and Parent and Natural Guardian of Bryce Robinson, a minor, and Cynthia Parker as Parent and Natural Guardian of Parker Robinson, a minor.**<br><br>Plaintiffs,<br><br>v.<br><br>**Lowe's Home Centers, LLC**<br><br>Defendant. | Case No. _22-C-00452-S3_ _____<br><br><br><br><br><br>**Complaint for Damages** |

### Parties, Jurisdiction, and Venue

1. Plaintiff Terra McKinney is a resident of Georgia.

2. Plaintiff Terra McKinney is the administrator of the estate of Melvin Robinson.

3. Plaintiff Terra McKinney is the parent and natural guardian Bryce Robinson, who is Melvin Robinson's biological child.

4. Plaintiff Cynthia Parker is a resident of Georgia.

5. Plaintiff Cynthia Parker  is the parent and natural guardian of Bryce Robinson, who is Melvin Robinson's biological child.

6. Defendant Lowe's Home Centers LLC ("Lowe's) is a foreign limited liability corporation who is authorized to transact business in Georgia.

7. At all relevant times, including September 23, 2019, Defendant Lowe's Home Centers LLC owned, occupied, controlled, and/or managed, the premises at 3625 North Commerce Drive, East Point, GA 30344, including the parking lot in which this incident took place ("the Premises").

8. Defendant is subject to the jurisdiction of this Court.

9. Service of process can be perfected upon Defendant by serving its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

10. Venue is proper in this Court as to Defendant Lowe's Home Centers LLC.

11. This action is timely filed against Defendant pursuant to the tolling provision of O.C.G.A. § 9-3-99.

## Facts Applicable to All Counts

12. At all relevant times, Plaintiff, Melvin Robinson was an invitee at the premises.

13. On September 23, 2019, Plaintiff Melvin Robinson was the victim of a violent shooting in at the premises.

14. As a result of the shooting, Plaintiff was killed.

15. Plaintiff Melvin Robinson was an innocent victim and exercised ordinary care and diligence at all times herein and under the circumstances then existing.

16. Before September 23, 2019, there had been numerous reports of criminal and dangerous activity, both on the premises and in the immediate surrounding areas, about which Defendants knew, or by the exercise of reasonable care, should have known.

17. Plaintiff suffered personal injuries that resulted in his death.

## Count 1: Failure to Keep the Premises Safe (O.C.G.A. § 51-3-1)

18. At all relevant times, Defendant owed a duty of care to Plaintiff to keep the premises safe from dangerous and criminal acts by third parties.

19. On September 23, 2019, Defendant knew or should have known that the premises was located in a high crime area.

20. Defendant knew of, or with the exercise of due care for the safety of its invitees should have known of, the dangerous and hazardous conditions existing at the premises, and that said conditions were likely to result in injuries and/or death to their invitees, including Plaintiff.

21. Defendant negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the aforementioned criminal activity.

22. Before September 23, 2019, Defendant was aware or should have been aware of the risk of crime by third parties against invitees in situations similar to the shooting.

23. Before and on September 23, 2019, Defendant negligently failed to maintain, inspect, secure, patrol, and manage the Premises, thereby creating an unreasonable risk of injury to its invitees, including Plaintiff.

24. Defendant had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol, and manage the Premises, but failed to exercise ordinary care to do so.

25. Defendant negligently represented to its invitees that the Premises were properly maintained and reasonably safe.

26. Defendant negligently, recklessly, and wantonly failed to warn its invitees, including Plaintiff, of the existence of the aforementioned criminal activity and the likelihood of further criminal attacks.

27. Defendant had actual and constructive knowledge of criminal activity existing on and around the Premises prior to the shooting of Plaintiff, including prior violent crimes on the Premises and in the immediate area. Said prior criminal activity was negligently permitted to exist and remain at the Premises.

28. Defendant negligently failed and refused to correct the circumstances giving rise to the criminal and dangerous activity by third parties.

29. Defendant negligently failed to maintain adequate security devices or measures to control access to and permit proper use of the Premises, thereby causing an unreasonable risk of injury to its invitees, including Plaintiff.

30. Defendant negligently failed to keep the Premises safe and failed to adequately and properly protect Plaintiff, in breach of its duty of care owed to Plaintiff.

31. Defendant negligently failed to provide adequate security protection or security personnel on the Premises.

32. Defendant negligently failed to establish adequate security policies and/or procedures.

33. Defendant breached the duty owed to Plaintiff by failing to exercise ordinary care to keep the Premises safe.

34. Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendant and one or more or all above stated acts or omissions were the direct and proximate cause of the injuries and damages to Plaintiff.

### *Count 2*: Negligent Hiring, Training, Supervision, and Retention

35. Defendant was negligent in hiring, training, supervising, and retaining its employees working at and responsible for the Premises.

36. Defendant breached its duty of care owed to Plaintiff by their negligence in hiring, training, supervising, and retaining its employees working at and responsible for the Premises.

37. Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above stated acts or omissions were the direct and proximate cause of the injuries and damages to Plaintiff.

### Damages

38. Defendant is liable for Plaintiff's injuries and damages sustained, pain and suffering, and all other elements of damages allowed under the laws of the State of Georgia.

39. As a proximate and foreseeable result of the negligence of Defendant, Plaintiff Melvin Robinson suffered conscious pain and suffering while he lived and said negligence caused his untimely death.

40. Melvin Robinson's estate is entitled to recover from the Defendant for the physical, emotional, and economic injuries Melvin Robinson suffered before he died as a direct and proximate result of the negligence of Defendant.

41. Melvin Robinson's wrongful death beneficiaries are entitled to recover from the Defendant for the lost value of Melvin Robinson's life and for special damages including funeral costs and other direct financial costs suffered as a direct and proximate result of Defendant's negligence.

42. As a direct and proximate result of the Defendant's negligence, Plaintiffs are entitled to recover from the Defendant compensatory damages in an amount to be determined by a fair and reasonable jury for all damages Plaintiffs suffered, including physical, emotional, and economic injuries.

43. Plaintiff is entitled to an award of punitive damages without limitation or cap because the actions of Defendants and their agents were willful and wanton,and showed an entire want of care which would raise the presumption of conscious indifference to consequences. Plaintiff is accordingly entitled to recover punitive damages, without limitation or cap, from Defendants, in accordance with the enlightened conscience of an impartial jury.

44. Plaintiff respectfully requests:

    44.1.     Process issue as provided by law;

    44.2.     A trial by jury against Defendant;

    44.3.     Judgment be awarded to Plaintiffs and against Defendant;

    44.4.     Plaintiff be awarded damages in amounts to be shown at trial; and

    44.5.     Plaintiff have such other relief as this Court deems just and appropriate.

Submitted on January 24, 2022, by:

**Rafi Law Firm LLC**
1776 Peachtree Street NW
Suite 423-South
Atlanta, GA 30309
404-800-9933
470-344-3425 fax
info@rafilawfirm.com
brown@rafilawfirm.com
chris@rafilawfirm.com

Michael T. Rafi
Georgia Bar No. 127670
Alexander J. Brown
Georgia Bar No. 532112
Christopher D. Stokes
Georgia Bar No. 891532

**Attorneys for Plaintiffs**

**EXHIBIT B**

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-00452-S3**
**1/24/2022 3:53 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Terra McKinney, as Administrator of the Estate of Melvin Robinson and

Parent and Natural Guardian of Bryce Robinson, a minor, and Cynthia Parker

as Parent and Natural Guardian of Parker Robinson, a minor

CIVIL ACTION    22-C-00452-S3
NUMBER:_____

PLAINTIFF

VS.

Lowe's Home Centers, LLC c/o Corporation Service Company

**2 Sun Court, Suite 400**

**Peachtree Corners, GA 30092**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Michael T. Rafi
1776 Peachtree St NW, Suite 423S
Atlanta, GA 30309
404-800-9933

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **24th**_____ day of **January**_____, 20**22** .

Tiana P. Garner
Clerk of State Court

By _____
/Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

22-C-00452-S3
1/24/2022 3:53 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of __GWINNETT_____ County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ **MM-DD-YYYY** | Case Number __22-C-00452-S3__ |

**Plaintiff(s)**

McKinney, Terra as Administrator of the Estate of Melvin Robinson and Parent and Natural Guardian of Bryce Robinson

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Parker, Cynthia, as parent and Natural Guardian of Parker Robinson | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

Lowe's Home Centers, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Micheal T. Rafi        **Bar Number** 127670        **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☒ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**

- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                  **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00452-S3**
**1/26/2022 2:33 PM**
**TIANA P. GARNER, CLERK**

## AFFIDAVIT OF SERVICE

| Case: 22-C-00452-S3 | Court: Gwinnett County State Court, State of Georgia | County: Gwinnett, GA | Job: 6601134 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Terra McKinney, as Administrator of the Estate of Melvin Robinson and Parent and Natural Guardian of Bryce Robinson, a minor, and Cynthia Parker as Parent and Natural Guardian of Parker Robinson, a minor | | **Defendant / Respondent:** Lowe's Home Centers LLC | |
| **Received by:** CGA Solutions | | **For:** Rafi Law Firm | |
| **To be served upon:** Lowe's Home Centers LLC c/o Corporation Service Company, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Barry Smith, Corporation Service Company: 2 Sun Ct Suite 400, Peachtree Corners, GA 30092-2801

**Manner of Service:**  Registered Agent, Jan 25, 2022, 12:07 pm EST

**Documents:**  Summons, Complaint for Damages, Plaintiff's First Request fir Admissions to Defendants, Plaintiff's First Interrogatories to Defendant, Plaintiff's Notice of Taking Deposition of Lowe's Home Centers LLC, Notice of Leave of Absence for Michael Rafi, Notice of Leave of Absence for Christopher D. Stokes (Received Jan 24, 2022 at 5:22pm EST)

**Additional Comments:**
1) Successful Attempt: Jan 25, 2022, 12:07 pm EST at Corporation Service Company: 2 Sun Ct Suite 400, Peachtree Corners, GA 30092-2801 received by Barry Smith.
CSC Coordinator

Thomas David Gibbs III

Date

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Notary Public

1/26/22
Date

12/27/2024
Commission Expires

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2021 DEC -3 AM 10: 15

TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

IN RE: Permanent Process Servers

Case Number:

# 21 C 08487-2

### ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2023.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ___30___ day of ___NOV___, 20_21_.

_____
Presiding Judge
Gwinnett County State Court

Applicant:

Name _Thomas David GIBBS III_

Address _723 Main Street_
_Stone Mountain, GA 30083_
_404-484-2147_

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00452-S3**
**1/24/2022 3:53 PM**
**TIANA P. GARNER, CLERK**

To:         All Judges, Clerks of Court, and Counsel of Record
From:       Michael Rafi
Date:       January 24, 2022                         22-C-00452-S3

---

### Notice of Leave of Absence for Michael Rafi

Michael Rafi of Rafi Law Firm LLC respectfully notifies all Judges before whom he has cases pending, all affected Clerks of Court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.1:

1.  A list of the actions to be protected, including action numbers: see Exhibit 1, attached.

2.  The reason for the request is business related obligations, volunteer commitments, and personal vacations.

3.  The duration of the requested leave is:

    3.1.   February 14 – February 22, 2022

    3.2.   March 14 – March 18, 2022

    3.3.   April 13 – April 20, 2022

    3.4.   May 11 – May 18, 2022

    3.5.   May 25 – June 1, 2022

    3.6.   June 29 – July 6, 2022

    3.7.   July 20 – July 29, 2022

    3.8.   August 8 – August 10, 2022

    3.9.   September 1, 2022 – September 9, 2022

    3.10.  October 7, 2022 – October 14, 2022

    3.11.  November 21 – November 30, 2022

Under the Rule, opposing counsel shall have 10 days from the date of this Notice to object. If no objections are filed, the Leave of Absence will stand granted.

Submitted on January 24, 2022, by:

M. Rafi

**Rafi Law Firm LLC**                    Michael T. Rafi
1776 Peachtree Street NW                 Georgia Bar No. 127670
Suite 423-South

Atlanta, GA 30309
404-800-9933
470-344-3425 fax
mike@rafilawfirm.com

**Exhibit 1**

| Case Name/Case No. | Judge/Venue | Interested Counsel |
|---|---|---|
| Terra McKinney, as Administrator of the Estate of Melvin Robinson and Parent and Natural Guardian of Bryce Robinson, a minor, and Cynthia Parker as Parent and Natural Guardian of Parker Robinson, a minor v. Lowe's Home Centers, LLC<br><br>Civil Action No.: | State Court of Gwinnett County Clerk of Court 75 Langley Dr. Lawrenceville, GA 30046 | |

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00452-S3**
**1/24/2022 3:53 PM**
TIANA P. GARNER, CLERK

| | | |
|---|---|---|
| To: | All Judges, Clerks of Court, and Counsel of Record | |
| From: | Christopher D. Stokes | 22-C-00452-S3 |
| Date: | January 24, 2022 | |

### Notice of Leave of Absence

Christopher D. Stokes respectfully notifies all Judges before whom he has cases pending, all affected Clerks of Court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.1:

1.  A list of the actions to be protected, including action numbers: see Exhibit 1, attached.

2.  The reason for the request is business related obligations, volunteer commitments, and personal vacations.

3.  The duration of the requested leave is:

    3.1.   April 6–13, 2022

    3.2.   June 15–22, 2022

    3.3.   June 29, 2022 – July 6, 2022

    3.4.   August 31, 2022 – September 7, 2022

    3.5.   November 21 – 30, 2022

    3.6.   December 19, 2022 – January 4, 2023

Under the Rule, opposing counsel shall have 10 days from the date of this Notice to object. If no objections are filed, the Leave of Absence will stand granted.

Submitted on January 24, 2022, by:

**Rafi Law Firm LLC**
1776 Peachtree Street NW
Suite 423-South
Atlanta, GA 30309
404-800-9933
470-344-3425 fax
chris@rafilawfirm.com

Christopher D. Stokes
Georgia Bar No. 891532

**Exhibit 1**

| Case Name/Case No. | Judge/Venue | Interested Counsel |
|---|---|---|
| Terra McKinney, as Administrator of the Estate of Melvin Robinson and Parent and Natural Guardian of Bryce Robinson, a minor, and Cynthia Parker as Parent and Natural Guardian of Parker Robinson, a minor v. Lowe's Home Centers, LLC<br><br>Civil Action No.: | State Court of Gwinnett County Clerk of Court 75 Langley Dr. Lawrenceville, GA 30046 | |

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00452-S3**
**1/24/2022 3:53 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA   22-C-00452-S3

| | |
|---|---|
| Terra McKinney, as Administrator of the Estate of Melvin Robinson and Parent and Natural Guardian of Bryce Robinson, a minor, and Cynthia Parker as Parent and Natural Guardian of Parker Robinson, a minor.<br><br>Plaintiffs,<br><br>v.<br><br>Lowe's Home Centers, LLC<br><br>Defendant. | Case No. _____<br><br><br><br><br><br><br><br><br><br><br><br><br>**Plaintiffs' Notice of Taking Deposition of Lowe's Home Centers LLC** |

| | |
|---|---|
| *To:* | Lowe's Home Centers LLC |
| *When:* | March 16, 2022 at 10:00 A.M. |
| *Location:* | Rafi Law Firm LLC, 1776 Peachtree Street NW, Suite 423-South, Atlanta, Georgia 30309 *or* a location of your choice |

Please take notice that pursuant to O.C.G.A. § 9-11-30(b)(6), the deposition of one or more corporate representatives of Lowe's Home Centers LLC will take place at the time and location stated above. The deposition will be taken by oral examination before a person duly authorized to administer oaths and recorded by a videographer.

Pursuant to O.C.G.A. § 9-11-30(b)(6), Plaintiff will proceed to take the videotaped deposition of the officer(s), director(s), managing agent(s), or other agent(s) designated by Lowe's Home Centers LLC. who consent to testify on its behalf with specific knowledge and information concerning each of the following topics:

1. **E-mail and computer system** – Regarding the e-mail system used by Defendant for the period from January 1, 2015 through the present time:

    1.1. Identification of that system's software and versions presently and previously used and the date of use.

1.2. Identification of all hardware, and its location, that was used as a server for that system.

1.3. The backup and/or archive systems used for that system.

1.4. Identification of the entity and/or persons who have custody and control of the stored email.

1.5. The organization, indexing, and filing of all e-mails in that system.

1.6. The retention and destruction policies that relate to all e-mails generated or received by that system.

1.7. The capabilities of Defendant and/or its agents to filter, process, search, and analyze electronically stored information in that system.

2. **Documents/ESI** – Regarding the documents/ESI identified in the Schedule of Documents/ESI herein:

2.1. The **description** and **existence** of the documents and/or electronically stored data ("ESI") identified in the Schedule of Documents/ESI below.

2.2. The **purpose** for the creation, duplication and/or storage of the documents and/or electronically stored data identified in the Schedule of Documents/ESI below.

2.3. How the documents and/or ESI identified to the Schedule of Documents/ESI below are made available, **disseminated,** and/or retrieved by authorized and/or intended users and/or readers.

2.4. The **retention/destruction** policies that relate to any of the documents and/or electronically stored data identified in the Schedule of Documents/ESI below.

2.5. The **custody** and **location** of the documents and/or electronically stored data identified in the Schedule of Documents/ESI below.

2.6. The **organization,** indexing and/or filing of the documents and/or electronically stored data identified in the Schedule of Documents/ESI below.

2.7. The available methods of search for the documents and/or electronically stored data identified in the Schedule of Documents/ESI below.

**3. Schedule of Documents/ESI:**

### The Incident

4. All documents that were created during regularly conducted business activity that mention, refer to, or relate to the Incident. Because this Request seeks information about documents created "during regularly conducted business activity," it does not seek attorney-client communications or attorney work product.

5. Copies of all statements of any person relating to the Incident. Please note: this Request is NOT seeking information about documents protected by attorney-client privilege or attorney work product doctrine; but IS seeking information about statements created in the regular course of business. So, please do not assert attorney-client privilege or attorney work product objections, because we are not seeking such information.

6. Copies all reports, memorandum, or notes from any individual who has investigated any aspect or element of the Incident. Please note: this Request is NOT seeking information about documents protected by attorney-client privilege or attorney work product doctrine; but IS seeking information about statements created in the regular course of business. So, please do not assert attorney-client privilege or attorney work product objections, because we are not seeking such information.

7. All documents evidencing, reflecting, relating to, or constituting any communication between you and the Plaintiff. Please note: this Request is NOT seeking information about documents protected by attorney-client privilege or attorney work product doctrine; but IS seeking information about statements created in the regular course of business. So, please do not assert attorney-client privilege or attorney work product objections, because we are not seeking such information.

8. All videotapes or photographs of the Premises taken on the date of the Incident.

9. All videotapes or photographs of the Premises taken within the 7 days before the Incident.

## Crimes and Dangerous Activity

10. All documents obtained by you prior to when you began managing/operating the Premises regarding crime and dangerous activity at the Premises.

11. All police reports, incident reports, complaints, or logs regarding any crime at the Premises in the 5 years before the Incident.

12. All police reports, incident reports, complaints, logs, or personnel files related to any employee who was the victim of a crime at the premises in the 5 years before the incident.

13. Copies of any and all logs, security-patrol documents, incident reports, investigative memoranda, photographs, documents, and charts or graphs relating to or referencing the Incident. This Request is NOT seeking documents protected by attorney-client privilege or attorney work product doctrine; but IS seeking statements created in the regular course of business. So, please do not assert attorney-client privilege or attorney work product objections, because we are not seeking such information.

14. All documents filed, served, or sent to anyone (except your lawyer after you anticipated litigation in this case) regarding any repairs or maintenance performed at the Premises, which were necessary due to a break-in, burglary, shooting, vandalism, or any other criminal activity.

15. All documents, pleadings, and/or exhibits filed, served, or prepared in connection with any negligent security related litigation or claim involving personal injuries where you have been a party and involving the Premises for the 5 years before the Incident.

16. All documents, pleadings, and/or exhibits filed, served, or prepared in connection with any negligent security related litigation or claim involving personal injuries where you have been a party and involving any property owned, operated, managed or controlled by Lowe's Home Centers LLC for the 5 years prior to the subject incident.

17. All claim forms, customer complaints, incident reports, or other documentation evidencing prior or subsequent complaints, injuries, or security issues occurring on the Premises.

18. Copies of any and all security patrol logs, inspection forms, claims forms, incident reports, or other documentation evidencing prior or subsequent complaints or problems with the security of the Premises.

19. All communications or correspondence received related to or referencing crime or criminal activity at the Premises for the 5 years prior to the subject incident.

20. All communications or correspondence sent related to or referencing crime or criminal activity at the Premises for the 5 years prior to the subject incident.

21. All communications or correspondence between or among you and any local, state, or federal law enforcement or investigative agency regarding criminal activity on the Premises including, but not limited to, the Incident.

22. All communications or correspondence between you or your employees and any state, area, regional, divisional, zone, or district loss prevention employee regarding crime or security at the premises for the 5 years prior to the incident to present

**Security Measures**

23. All documents relating to security and any security measures considered or undertaken at the Premises before the Incident.

24. Any patrol logs, security logs, incident reports, inspection reports, daily logs, or other documents received from a company or individual retained or consulted to provide security at the Premises within the last 5 years.

25. Copies of all written warnings you provided related to crime on the Premises.

26. All work orders, maintenance requests, or other documents reflecting repairs or requests for repairs related to gating or fencing surrounding the Premises.

27. All documents regarding a security plan aimed at deterring third-party crime or what you believe to be dangerous activity at the Premises.

28. All videotapes or photographs showing crime on or at the Premises.

29. All photographs, videos, and pictures showing or depicting security measures in place at the Premises before the Incident.

30. All work orders, maintenance requests, or other documents reflecting repairs, upgrades, requests for repairs, and installation of additional security features at the Premises.

31. All contract agreements or documents of any nature entered into between you and any other individual or company regarding the security, lighting, or surveillance at the premises for the 5 years prior to the incident until present.

32. All communications or correspondence sent or received related to security at the premises for the 5 years prior to the subject incident until the present.

33. All documents related to the security classification of the premises (e.g. Level 1, 2, 3, etc.) and any changes made to security as a result.

### Premises, Employees, and Training

34. All documents, photographs, drawings, architectural plans, drawings, and designs that depict the layout of the Premises in question, including documentation reflecting the layout of the area where the Incident occurred.

35. Any and all documents, including employee handbooks, policy or procedure manuals, or videotapes of policies regarding safety, training, crime prevention, crime deterrents, loss prevention, or any security measures at the Premises. This includes any and all policy and procedure manuals of any nature.

36. Any and all electronic training modules or courses regarding safety, training, crime prevention, crime deterrents, loss prevention, or any security measures at the premises.

37. The work schedules for all employees of the Premises from 2 weeks before the Incident until 2 weeks after the Incident.

38. All applications, work schedules, training records, job descriptions and personnel files for all employees who were at the Premises or responsible in any way for safety at the Premises for the 5 years before the Incident through the date of the Incident.

39. All notes, memoranda, minutes, and all other written evidence of meetings with employees held by you for the past 5 years where safety, security, and third-party crime were discussed.

40. Biographies, resumes, and curriculum vitae for employees and agents responsible for or consulted regarding safety-related decisions at the Premises.

## Finances

41. All budgets for security at the Premises from 5 years before the Incident through the calendar year of the Incident.

42. All documents showing how much money was allocated for crime prevention and deterrence at the Premises from 5 years before the Incident through the present.

43. All documents showing how much money was actually spent on crime prevention and deterrence at the Premises from 5 years before the Incident through the present.

44. All documents showing how much money was spent after the date of the Incident to increase safety and security measures at the Premises.

45. All profit and loss statements for the Premises from 5 years before the Incident through the calendar year of the Incident.

## Miscellaneous

46. All video recordings, photographs, reports, or other documents related to surveillance or observation of Plaintiff after the Incident.

47. Any and all insurance policies and related documents, including the declaration pages, which do or may afford liability insurance coverage to you with regard to Plaintiff's claims against you. This request includes primary insurance coverage,

excess insurance coverage, or any other type of liability insurance coverage, medical-payments coverage, and documents regarding reservation of rights for same.

Submitted on January 24, 2022, by:

**Rafi Law Firm LLC**
1776 Peachtree Street NW
Suite 423-South
Atlanta, GA 30309
404-800-9933
470-344-3425 fax
info@rafilawfirm.com
brown@rafilawfirm.com
chris@rafilawfirm.com

Michael T. Rafi
Georgia Bar No. 127670
Alexander J. Brown
Georgia Bar No. 532112
Christopher D. Stokes
Georgia Bar No. 891532

**Attorneys for Plaintiffs**

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00452-S3**
**1/24/2022 3:53 PM**
**TIANA P. GARNER, CLERK**

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

22-C-00452-S3

Terra McKinney, as Administrator of
the Estate of Melvin Robinson and
Parent and Natural Guardian of Bryce
Robinson, a minor, and Cynthia Parker
as Parent and Natural Guardian of
Parker Robinson, a minor.

Case No. _____

          Plaintiffs,

v.

Lowe's Home Centers, LLC

          Defendant.

**Plaintiffs' First Interrogatories to
Defendant**

Plaintiffs serve these Interrogatories pursuant to the Georgia Civil Practice Act, including O.C.G.A. §§ 9-11-26 and 9-11-33.

Each interrogatory is addressed to the personal knowledge of Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to the Defendant, the question is also directed to each of the aforementioned persons.

**Instructions**

**Respond to each interrogatory individually.** Do not respond to an interrogatory by referring to your response another interrogatory or by adoption, since some of the interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves. *See* O.C.G.A. 9-11-33(a)(2) ("Each interrogatory shall be answered separately and fully in writing under oath...").

**Do not assert a "preamble," "general objections," or objections that purport to apply to all of your responses.** *See Tennesco, Inc. v. Berger*, 144 Ga. App. 45, 48 (1977) ("The questions must at the very least be considered on an individual basis and answered accordingly."). Each individual discovery request should be met with every specific objection thereto, but only those objections that apply to the particular request. Otherwise, it becomes

impossible for the Court or Plaintiffs to know what objections have been asserted to each individual request and whether your responses are full and complete. If you do not follow this instruction, Plaintiff will write you a letter pursuant to USCR 6.4(b) and ask you to remove your "preamble," "general objections," or whatever you call your attempt to incorporate a shopping list of objections into each response, and Plaintiff will include an image of this very instruction.

**If you object to an interrogatory but then respond to the interrogatory, state whether your response is complete.** If you are withholding information and/or documents based on an objection(s), please state as such, so Plaintiffs will know if additional information and/or documents would have been included in your response but for the objection(s).

**Search your electronically stored data for responsive information.** Under the CPA, Defendant is required to produce all non-privileged responsive information it its possession, custody, and control. Plaintiff specifically requests that Defendant search its electronically stored information for responsive information.

**Definitions**

1.  *"Document"* includes, but is not limited to, emails, correspondence, reports, memoranda, publications, stenographic or handwritten notes, audio or video recordings, pictures, drawings, photographs, maps, written calculations, and other written electronic communications.

2.  *"Person"* means any natural person, corporation, partnership, proprietorship, association, organization, entity, or group of persons.

3.  *"Identify"*

    3.1.  With respect to any *person*, *"identify"* means to provide the person's name, last known contact information for personal and work (phone, postal address, and email address), job title, dates of employment, all email accounts used during the individual's employment, and a description of the person's connection with the events in question.

    3.2.  With respect to any *document*, *"identify"* means to provide the title of the document, the date the document was created, the name of the creator, the name of the person

who directed that the document be created, and the identity of the person or group to whom the document was distributed.

3.3. This instruction is not boilerplate and meaningless; when Plaintiff writes "identify," he truly means for you to *identify persons pursuant to these Instructions.* Please do not make Plaintiff write a letter pursuant to USCR 6.4(b) asking you to *identify witnesses pursuant to these Instructions.* Our letter will state: "Please properly *identify witnesses pursuant to the Instructions,*" along with an image of this very instruction.

4. *"The Premises"* means Lowe's Home Centers, located at 3625 North Commerce Drive, East Point, GA 30344.

5. *"The Incident"* means the incident forming the basis of Plaintiff's Complaint.

## Interrogatories

1. *Identify* all employees, agents, contractors, and *persons* who were at *the Premises* on the day of *the Incident.*

2. *Identify* all *persons* who you employed or contracted to work at *the Premises* at any time for the 5 years before *the Incident* until present.

3. *Identify* all *persons* known to you, either from your own investigation or from any investigation made on your behalf, who may have seen any part of *the Incident* or who may have or claim to have arrived at the scene of *the Incident* immediately or shortly after its happening.

4. *Identify* all *persons* known to you, either from your own investigation or from any investigation made on your behalf who have any knowledge regarding the facts or circumstances surrounding *the Incident.*

5. *Identify* every individual who has information about Plaintiff's alleged damages.

6. *Identify* all persons who have investigated *the Incident* or the claims made in this lawsuit.

7. If you contend that another *person* may be liable in whole or in part for Plaintiff's damages, please *identify* that *person* or entity and the basis for your contention.

8. *Identify* all expert witnesses whom you expect to testify at trial and describe the subject matter on which the expert is expected to testify, the substance of the facts and opinions to

which the expert is expected to testify, and a summary of the grounds for each opinion. This Interrogatory is NOT asking for details about consulting experts, so please do not raise that objection.

9.  *Identify* all entities contracted to provide security services at *the Premises* in the 5 years before *the Incident*.

10. If you, your attorney, your insurance carrier, or anyone acting on your or their behalf, have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys, or other descriptions concerning *the Incident*, the scene, the area, or *persons* involved, as to each such item, please *identify* each responsive *document*; state what the item purports to show, illustrate or represent; the date it was made or taken and by whom; and the name and address of the *person* having custody of the item.

11. *Identify* any insurance company which may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. State the policy number for each such policy and the limits of liability coverage for each policy of insurance which may be applicable to pay part or all of a judgment rendered against you.


Submitted on January 24, 2022, by:

**Rafi Law Firm LLC**
1776 Peachtree Street NW
Suite 423-South
Atlanta, GA 30309
404-800-9933
470-344-3425 fax
info@rafilawfirm.com
brown@rafilawfirm.com
chris@rafilawfirm.com

Michael T. Rafi
Georgia Bar No. 127670
Alexander J. Brown
Georgia Bar No. 532112
Christopher D. Stokes
Georgia Bar No. 891532


**Attorneys for Plaintiffs**

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-00452-S3**

**1/24/2022 3:53 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

**Terra McKinney, as Administrator of the Estate of Melvin Robinson and Parent and Natural Guardian of Bryce Robinson, a minor, and Cynthia Parker as Parent and Natural Guardian of Parker Robinson, a minor.**

               Plaintiffs,

v.

**Lowe's Home Centers, LLC**

               Defendant.

Case No. 22-C-00452-S3 _____

**Plaintiffs' First Request for Admissions to Defendant**

Plaintiff serves these Requests for Admission pursuant to the Georgia Civil Practice Act, including O.C.G.A. §§ 9-11-26 and 9-11-36.

### Definitions

1.    *"This Court"* refers to the Court referred to in the caption/style of this document and in which the Complaint has been filed.

### Requests for Admissions

1.    You have been correctly named in this case insofar as your legal name is concerned.

2.    You have been properly served as a party defendant.

3.    Process is sufficient with regard to you in this case.

4.    Service of process is sufficient with regard to you in this case.

5.    This Court has jurisdiction over the subject matter of this case.

6.    This Court has personal jurisdiction over you in this case.

7.    Venue is proper in this Court.

8.    You do not know who shot Melvin Robinson.

Submitted on January 24, 2022, by:

**Rafi Law Firm LLC**
1776 Peachtree Street NW
Suite 423-South
Atlanta, GA 30309
404-800-9933
470-344-3425 fax
info@rafilawfirm.com
brown@rafilawfirm.com
chris@rafilawfirm.com

Michael T. Rafi
Georgia Bar No. 127670
Alexander J. Brown
Georgia Bar No. 532112
Christopher D. Stokes
 Georgia Bar No. 891532

**Attorneys for Plaintiffs**